Dear Senator Hinton:
In your correspondence of recent date you ask whether it is legally permissible for a state legislator to concurrently hold employment with a hospital owned by the parish.
LSA-R.S. 42:63(C) of the State Dual Officeholding and Dual Employment Laws prohibits this arrangement, and provides as follows:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
Further LSA-R.S. 42:62(1) states:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
LSA-R.S. 42:62(9) states:
 (9) "Political Subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions . . . .
LSA-R.S. 42:62(7) states in part:
 (7) The legislative branch of State government includes the members of the Senate and the House of Representatives . . . .
A legislator holds elective office in the government of this state. The position of employment with the hospital comes within the control of the parish governing authority and as such, constitutes employment with a political subdivision of the state under LSA-R.S. 42:62(9). Therefore, it is the opinion of this office that state law prohibits the holding of both positions concurrently.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL